UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 3,
an unincorporated association;
JOHN BONILLA, as Business
Manager of the INTERNATIONAL
UNION OF OPERATING ENGINEERS,
LOCAL UNION NO. 3;

        Plaintiffs,

    v.

ZURICH NORTH AMERICA, SURETY &
FINANCIAL CLAIMS; ZURICH
AMERICAN INSURANCE COMPANY;
ZURICH NORTH AMERICAN
INSURANCE COMPANY; AMERICAN
ZURICH INSURANCE COMPANY;
ZURICH NORTH AMERICA; FIDELITY
& DEPOSIT COMPANY OF MARYLAND;
F&D FINANCIAL SERVICES; THE
ZURICH NORTH AMERICA
COMPANIES; AND DOES 1-100,
inclusive;

        Defendants.

NO. CIV. S-06-0957 WBS KJM

MEMORANDUM AND ORDER RE:
MOTION TO DISMISS

----oo0oo----

        Currently before the court is defendants' motion to
dismiss all defendants other than Fidelity and Deposit Company of
Maryland ("F&D") for failure to state a claim for breach of

1

contract.  For the following reasons, the court grants

defendants' motion.

I.   Factual Background

        Plaintiff International Union of Operating Engineers,

Local Union No. 3 ("Local 3") is a labor organization and a

California unincorporated association located in Sacramento,

California.  (First Am. Compl. ¶ 1.)  Plaintiff John Bonilla is

the business manager of Local 3.  (Id.)  On July 1, 2002, Local 3

entered into a labor organization bond, or insuring agreement,

with F&D, a copy of which is attached to the complaint.  (Id.

Attach. 1 (Bond).)  No other defendants signed the bond.  (Id.)

The names "Zurich North America" and "Zurich F&D" appear in

facsimile banners that indicate entities to whom a copy of the

bond was faxed.  (Id.)

        On August 22, 2005, Local 3 filed suit against Donald

Doser, a former employee of the organization.  (Id.; see also

Pls.' Opp'n to Mot. to Dismiss 3.)  Doser had allegedly committed

a number of tortious acts that constituted a breach of his

fiduciary duty to Local 3, including changing employment policies

to his own financial benefit, unilaterally granting himself

several wage increases, and converting the corporation's funds to

his personal use.  (Id. ¶ 4.)  Local 3 provided defendant Zurich

with notice of this suit, supporting documentation of its losses,

and a proof of loss form in order to file a claim for

reimbursement for these losses under the insurance bond.  (Id. ¶¶

8-13.)

        After learning that there was a limitation on the time

period in which a lawsuit could be filed for claims made under

2

the bond (Pls.' Opp'n 3), plaintiffs filed suit against Zurich North America, Surety and Financial Claims; Zurich American Insurance Company; Zurich North American Insurance Company; American Zurich Insurance Company; and Zurich North America; plaintiffs did not name defendant F&D. (Compl.)  Defense attorney Calvin Whang informed plaintiffs that defendant F&D was the insurer who had issued the bond, not the defendants named in the complaint. (Pls.' Opp'n to Mot. to Dismiss 4.)  Plaintiffs subsequently conducted a corporate records search of defendant F&D and now contend that F&D is related to the other defendants. (Id.)  In their first amended complaint, plaintiffs allege that defendants failed to perform under the terms of the insurance contract because they did not compensate plaintiffs for the losses they incurred as a result of Doser's actions, pay the claim they submitted, and/or indemnify plaintiffs on this claim. (First Am. Compl. ¶ 21.)  Plaintiffs additionally allege that:

> Defendants Zurich of North America, Surety and Financial Claims; Zurich American Insurance Company; Zurich North American Insurance Company; American Zurich Insurance Company; Zurich North America; Fidelity and Deposit Company of Maryland; F&D Financial Services and the Zurich North America Companies [] are corporations, subsidiaries of corporations, parent corporations, partners and/or other organizational classifications licensed to conduct the business of issuing fidelity bonds . . . .

(Id. ¶ 2.)  Further, plaintiffs allege that "each defendant is the agent and/or partner of the other and each were acting in the course and scope of said agency and/or partnership." (Id.)

Defendants now move to dismiss as against all defendants except for defendant F&D, contending that F&D was the only underwriter of the bond and that all other defendants

3

1  therefore cannot be sued for breach of the insurance contract.

2  II.  Discussion

3       A motion to dismiss pursuant to Federal Rule of Civil

4  Procedure 12(b)(6) "tests the legal sufficiency of a claim."

5  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  The court

6  may not dismiss for failure to state a claim unless "it appears

7  beyond doubt that plaintiff can prove no set of facts in support

8  of his claim which would entitle him to relief."  Van Buskirk v.

9  CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  On a motion to

10 dismiss, the court must accept the allegations in the complaint

11 as true and draw all reasonable inferences in favor of the

12 pleader.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cruz v.

13 Beto, 405 U.S. 319 (1972).

14      However, "[t]he court does not accept as true

15 conclusory legal allegations cast in the form of factual

16 allegations," or unwarranted inferences.  County of Marin v.

17 Martha Co., No. 06-0200, 2006 WL 2586967, at *3 (N.D. Cal. Sept.

18 8, 2006) (citing W. Mining Council v. Watt, 643 F.2d 618, 624

19 (9th Cir. 1981))).  In particular, the court is not "required to

20 accept as true conclusory allegations which are contradicted by

21 documents referred to in the complaint."  Steckman v. Hart

22 Brewing Inc., 143 F.3d 1293, 1295 (9th Cir. 1998).  Dismissal of

23 the complaint is appropriate where the pleader fails to allege

24 facts that support a cognizable legal theory.  Balistreri v.

25 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988); see

26 also Conley v. Gibson, 355 U.S. 41, 47 (1957) (complaint must

27 "give the defendant fair notice of what the plaintiff's claim is

28 and the grounds upon which it rests").

4

1      A.   Consideration of Evidence External to the Complaint

2           When deciding a motion to dismiss, a court may not

3  ordinarily consider material other than the facts alleged in the

4  complaint.  Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir.

5  1996) ("A motion to dismiss . . . must be treated as a motion for

6  summary judgment . . . if either party . . . submits materials

7  outside the pleadings in support or opposition to the motion, and

8  if the district court relies on those materials.").  "A court

9  may, however, consider certain materials--documents attached to

10 the complaint, documents incorporated by reference in the

11 complaint, or matters of judicial notice--without converting the

12 motion to dismiss into a motion for summary judgment."  United

13 States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (citations

14 omitted).

15          Because plaintiffs have attached the bond at issue here

16 to their complaint, the court may consider it for the purposes of

17 this motion to dismiss.  Plaintiffs have additionally attached

18 declarations from Phillip A. Mastagni and Will M. Yamata to their

19 opposition to this motion to dismiss, and defendants object to

20 these declarations as improper evidence that should not be before

21 the court on a motion to dismiss.  (See Defs.' Reply Attachs. 1 &

22 2.)  The court will not consider the declarations or attached

23 evidence in the form of correspondence with defendants.  These

24 are not documents incorporated by reference in the complaint, nor

25 are they facts of which the court may take judicial notice.  See

26 Richie, 342 F.3d at 908.  Accordingly, the court cannot consider

27 such evidence "without converting the motion to dismiss into a

28 motion for summary judgment," id., and does not consider such an

5

1    action to be appropriate here.

2          B.   Liability for Breach of Contract

3          As a general matter, a non-party, or nonsignatory, to a
4    contract is not liable for a breach of that contract.  See, e.g.,
5    Britton v. Co-op Banking Group, 4 F.3d 742, 744 (9th Cir. 1993)
6    (noting that a "contractual right may not be invoked by one who
7    is not a party to the agreement"); Henry v. Assoc. Indem. Corp.,
8    217 Cal. App. 3d 1405, 1416-17 (1990) (determining that where
9    "[t]here was no direct contractual relationship between [the
10   parties]," there was no basis from which "a breach of contract
11   action could properly spring . . ." (citing Gruenberg v. Aetna
12   Ins. Co., 9 Cal. 3d 566 (1973))); Egan v. Mutual of Omaha
13   Insurance Company, 24 Cal. 3d 809, 824 (1979) (concluding that,
14   when two insurance agents who were not parties to an insurance
15   contract were sued for a breach of the covenant of good faith and
16   fair dealing on that contract, "[b]ecause the only ground for
17   imposing liability on either [agent] is breach of that promise,
18   the judgments against them as individuals cannot stand . . .").

19         Notwithstanding the above, plaintiffs contend that
20   defendants could be liable under the terms of the bond if they
21   were reinsurers who undertook an obligation to insure plaintiffs
22   after the original bond was signed.  "Insurance Code section 620
23   defines reinsurance as a 'contract . . . by which an insurer
24   procures a third person to insure him against loss or liability
25   by reason of such original insurance.'"  Stanford W. Ascherman v.
26   Gen. Reinsurance Corp., 183 Cal. App. 3d 307, 311 (1986)
27   (citations omitted).  "A reinsurance contract is presumed to be a
28   contract of indemnity for the benefit of the insurance company;

                                6

the original insured has no interest in it." Id.  In other words, because the insured is not a party to the reinsurance contract, the insured cannot recover directly against the reinsurer.

There is some indication that a reinsurance contract with a cut-through endorsement provision may allow the insured to recover from the reinsurer directly. See Prudential Reinsurance Co. v. Superior Court, 3 Cal. 4th 1118, 1155 (1992) (Kline, J., dissenting) (noting that an insured cannot sue a reinsurer "absent a cut-through endorsement" provision in the contract). However, the plaintiff has not alleged that there was a reinsurance contract or a cut-through endorsement provision, and the only contract attached to the complaint and referenced therein is the one between plaintiffs and defendant F&D.  Thus, plaintiffs' argument that the non-F&D defendants may be liable for breach of reinsurance contracts fails because the absence of allegations in the complaint, along with conclusory arguments that contradict the actual contract and allegations in the complaint, suggest that plaintiffs have not stated a claim on which relief can be granted upon that theory. See Steckman, 143 F.3d at 1295.

Alternatively, plaintiffs allege in their complaint that the non-F&D defendants are agents and/or partners of defendant F&D.  "Under California law, an insurance agent cannot be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to the insurance contract." Minnesota Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 981 (9th Cir. 1999) (citing Gruenberg v.

7

Aetna Ins. Co., 9 Cal. 3d 566 (1973); Henry v. Assoc. Indemnity Corp., 217 Cal. App. 3d 1405, 1416-17 (1990)).  Therefore, it does not appear that the non-F&D defendants can be liable for breach of contract as agents of defendant F&D.

However, under certain circumstances, a partner to a contracting party may be liable for breach of the contract.  A partner who enjoys the fruits of the contract and acquiesces to being bound by the acts of its partner may be liable for breach of contract.  See DeSantis v. Miller Petroleum Co., 29 Cal. App. 2d 679, 683-84 (1938) (finding that a partner was not liable for breach of contract "when the third party has notice that the partner endeavoring to bind the partnership does not have authority to do so . . .").  There is no factual basis in the complaint or in the bond agreement, however, to support plaintiff's bald assertion that the non F&D defendants were partners of F&D.

The court need not accept plaintiffs' allegations of a partnership between the non-F&D defendants as true.  They are not factual allegations that would support the application of California law to find liability, but legal conclusions the court need not credit on a motion to dismiss.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 755 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").  With only these conclusory allegations as a basis for their breach of contract claim, plaintiffs have failed to state a claim against defendants other than the defendant F&D, and the complaint must be dismissed as

1 against them.  See Malviya v. City of San Jose, No. 05-5427, 2006

2 WL 2529511, at *3 (N.D. Cal. Aug. 31, 2006) (granting a motion to

3 dismiss when the plaintiff made "'[b]ald assertions and

4 conclusions of law,' without factual allegations giving rise to

5 any inference" that the defendants violated the plaintiff's

6 rights); Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP, No.

7 03-613, 2004 WL 112948, at *6 (S.D.N.Y. Jan. 22, 2004) (finding

8 the plaintiffs' "conclusory allegations that [certain defendants]

9 were 'agents' of [other defendants], because they represented

10 themselves as part of defendants . . ." insufficient to state a

11 claim); Sever v. Glickman, 298 F. Supp. 2d 267, 272 (D. Conn.

12 2004) (dismissing a breach of contract claim against one

13 defendant when the complaint contained only conclusory

14 allegations that the defendant "arranged" the contract between

15 the parties and was authorized to do so, and no supporting

16 factual allegations).

17         Finally, the court must determine whether to grant

18 plaintiffs leave to amend the complaint to cure these fatal

19 defects.  This is because, when granting a motion to dismiss, a

20 "district court should grant leave to amend even if no request to

21 amend the pleading was made, unless it determines that the

22 pleading could not possibly be cured by the allegation of other

23 facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

24 banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir.

25 1995)).  The court cannot say with certainty that the defects in

26 the complaint are incurable, and therefore grants plaintiff leave

27 to amend the complaint.

28 ///

1          IT IS THEREFORE ORDERED that defendants' motion to

2    dismiss all defendants except defendant Fidelity and Deposit

3    Company of Maryland be, and the same hereby is, GRANTED.

4    Plaintiffs are given 30 days from the date of this order to file

5    an amended complaint consistent with this order.

6    DATED:  September 26, 2006

7

8

9                                WILLIAM B. SHUBB
                                 UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     10